Tompkins, J.,
delivered’the opinion of the Court.
This is an action, in a judgment obtained in Massachusetts by. Chamberlain, against the intestate, .Smith, in his lifetime. . The defendant’s administrators craved oyer of the record of the judgment declared on, and set it out, lb then became a part of the record of this cause, and from this record so set out, it appears that the judgment obtained in Massachusetts wag a judgment in rem., that is to say, no notice of the action was served on Smith, the defendant, but his property,was attached,.and this constructive notice is all that the, intestate-had of the commencement of the action. Smith never .appeared .to the action, .and these is a suggestion on the record that he was not a resident .of that State, and the judgment by default is entered against him. The defendants, faris and Tracy, demurred,, to the declaration, and judgment on the demurrer, for the defendant, was given in the Circuit Court of St. Louis county. To reverse this judgment, the plaintiff has come into this Court, and relies on the Constitution of the United States. See act 4, sec. 1, and the Laws of the United States, passed in pursuance thereof, vol. 2, p. 102, Biorcn’s edition. It is unnecessary for the Court to say what would be its opinion, if authority had been produced to prove that such a judgment would have been received as evidence of debt in the Courts of Record of Massachusetts. But as such authority has not been produced, the Court feels no hesitation in saying that the judgment of the Circuit Court wa» correct. The Court considers the record of the proceedings in Massachusetts merely *368 as a proceeding in rem. and that the judgment can affect nothing but the property attached; this, probably, was the only effect of.such a judgment in Massachusetts. The judgment of the Circuit Court is affirmed.